IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| REMTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-9034-MC-W-SWH |
| | ) | |
| FIREMAN'S FUND INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is the plaintiff's Motion for an Order of Sanctions for Costs Incurred in Discovery, doc. # 22, and Respondents Ronald E. Heap and Tarmac International, Inc.'s Motion for Sanctions Against Plaintiff Remtech, Inc., and its Lead Attorney and Suggestions and Affidavits in Support, doc. # 28.

The discovery issues before this Court arose when Remtech sought discovery from a witness located in Missouri for use in a case pending in the United States District Court for the Eastern District of Washington.[1] Plaintiff's motion for sanctions alleges that at the deposition of the Missouri witness, Ronald Heap, in February of 2006, the conduct of his counsel in directing him not to answer certain questions required a further deposition and effectively destroyed counsel's ability to cross-examine the witness. In addition, counsel believes that the witness' response to the subpoena duces tecum did not comply with the requirements of the Federal Rules of Civil Procedure.

---

[1] It appears that the underlying lawsuit was settled in December of 2006. (See Footnote 1 to Doc. # 32)

The witness, Ronald Heap, and his company, Tarmac International, opposed the motion for sanctions and filed their own motion for sanctions against the plaintiff and its counsel seeking attorney fees for having to oppose Remtech's Motion to Compel, which motion was not "substantially justified." (Doc. # 28 at 1)

In supporting and opposing these motions, the parties have submitted affidavits as well as numerous documents, including e-mail correspondence between counsel. These exhibits document the ongoing efforts of counsel for Remtech to obtain information from Ronald Heap, whom plaintiff states "was identified by both parties as a material fact witness," and the communication difficulties that developed between counsel for Remtech, John Munding, and counsel for the witness, George Coughlin.

The background of this discovery dispute is as follows. During the February 2006 deposition of Mr. Heap, he disclosed that he had both lunch and dinner with Ms. Sweeney, counsel for Fireman's Fund, the defendant in the Washington litigation both before and during his deposition. His attorney, Mr. Coughlin, was present at both of these meetings. Mr. Heap was then asked what he discussed about his deposition with counsel for Fireman's Fund, Ms. Sweeney, at both the lunch and dinner. Mr. Heap was directed by Mr. Coughlin not to answer these questions. (See Doc. # 3-2 at 42-46) Counsel for Remtech confirmed on the record that Mr. Coughlin was directing his client not to answer any questions about what the witness discussed with counsel for Fireman's Fund and what documents he reviewed with her, if these discussions occurred in the presence of the witness' attorney, Mr. Coughlin. (Doc. # 3-2 at 46)

In July of 2006, counsel for Remtech filed a motion to compel deposition testimony and documents from Mr. Heap. On August 31, 2006, the undersigned held a conference with counsel.

2

During that conference, Mr. Coughlin stated:

> And where this really broke down was that when Mr. Munding asked Mr. Heap to disclose all conversations in preparation, you know, some of those conversations were just with me, which or course would be privileged, and some of those conversations were jointly with myself and Ms. Sweeney. So, there's where the breakdown occurred. Clearly, he's entitled to–he's not entitled to any conversations between Mr. Heap and myself when nobody else was present, and there were some conversations about that. <u>On the other hand, he's clearly entitled to conversations when Ms. Sweeney and I were present and Mr. Heap was there</u>.

(Doc. 24-2 at 5)(emphasis added) In opposing the motion for sanctions, Mr. Coughlin again stated:

> 2. Prior to that deposition, the undersigned counsel met with Heap privately and also in the presence of counsel for Fireman's Fund. When examined by Remtech's counsel during his deposition, Heap was asked to divulge all discussions he had with both the undersigned counsel and defendant's counsel. The undersigned objected on the ground of attorney-client privilege and directed Heap not to answer since some of those conversations included protected conversations that only involved Heap and his counsel. (Conf. of 8/31/06 at p. 8).

(Doc. # 29 at 2)

While counsel for Mr. Heap continued to assert to the Court in both the original conference and in his briefing that his objections during the deposition were only to those questions seeking private conversations between him and his client, the record, which had been transcribed and filed with the Court by the time of these statements, directly contradicts counsel's assertions. The questions asked of Mr. Heap in his February deposition did not seek information as to what Mr. Heap and Mr. Coughlin had discussed, but specifically asked about discussions between Mr. Heap and counsel for Fireman's Fund–even when those discussions were in Mr. Coughlin's presence. (See Doc. # 3-2 at 42-46) There were no questions asked concerning what Mr. Heap discussed with his counsel.

In opposing the motion for sanctions, counsel for Mr. Heap states that the motion to compel was both unnecessary and not substantially justified. (Doc. # 29 at 2) The motion to compel was

3

filed on July 21, 2006. (Doc. # 2) By the time of the conference with the Court on August 31, 2006, Mr. Coughlin had reversed the position he took during the February 2006 deposition, stating that counsel for Remtech was "clearly entitled to conversations when Ms. Sweeney and I were present and Mr. Heap was there." (Doc. # 24-2 at 5) However, prior to the motion to compel being filed, Mr. Munding and Mr. Coughlin had several phone conversations and e-mail correspondence. Attached to Mr. Heap's suggestions in opposition to the motion for sanctions, are the e-mail communications wherein the parties attempted to resolve these discovery issues without the necessity of court intervention. On June 12, 2006, Mr. Coughlin sent Mr. Munding an e-mail that included the following statement: "(6) I will not produce Heap to answer the questions that he refused to answer in his depo taken in this case or otherwise unless and until a federal judge orders him to do so ..." (Doc. # 29-2 at 6)

Thus, it was disingenuous for counsel for Mr. Heap to contend in argument before the Court and in the briefing that he was only objecting to questions concerning his communication with his client, when those were not the questions being asked. Moreover, given counsel's position as stated in the June 12, 2006 e-mail, it does not appear that counsel had changed his position prior to the time the motion to compel was filed.[2]

In arguing that a motion to compel was unnecessary, counsel for Mr. Heap does not refer to the Local Rules of Court for the Western District of Missouri. These rules specifically provide:

---

[2]The first indication that counsel had reconsidered his position was contained in his opposition to the motion to compel wherein counsel stated that " [a]s to conversations that Heap had with both Remtech's counsel and the undersigned counsel, a privilege objection was lodged, which objection was probably inappropriate." (Doc. # 11-1 at 4)

4

**37.1 DISCOVERY MOTIONS**

> (a) Except when authorized by an order of the Court, the Court will not entertain any discovery motions, until the following requirements have been satisfied:
>
> 1. Counsel for the moving party has in good faith conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. *See* Rule 26©, Federal Rules of Civil Procedure and *Crown Center Redevelopment Corp. v. Westinghouse Elec.,* 82 F.R.D. 108 (W.D. Mo. 1979); and
>
> 2. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. <u>No written discovery motion shall be filed until this telephone conference has been held.</u>

(emphasis added)

While counsel for Remtech did seek to confer about all of the discovery issues with Mr. Coughlin, unfortunately, there was no effort made to arrange a telephone conference with the Court to discuss the issues raised by the motion prior to its filing.[3] Given that counsel for the witness had no substantial basis for opposing the discovery requests made by counsel for Remtech, the Court believes that the issues would have been resolved in Remtech's favor, without the necessity of counsel filing the motion to compel, had counsel complied with the Local Rules. Therefore, the Court is unwilling to exercise its discretion to impose sanctions against counsel for the witness, despite the lack of any substantial basis for the positions taken with respect to the discovery sought

---

[3]Although there was no pending matter in this district prior to the filing of the motion to compel, a judge would have been assigned even prior to the filing of the motion had counsel made such a request.

from his client.

Conversely, given Mr. Munding's many efforts to informally work out the issues created by the positions taken by Mr. Coughlin, the witness is not entitled to an award of attorney fees for having to respond to the motion to compel. Moreover, Mr. Coughlin, as a member of this bar, should be familiar with the Local Rules of Court. Prior to filing a response to the motion to compel, Mr. Coughlin did not seek to strike the motion to compel for failure to comply with the Local Rules, nor did Mr. Coughlin ask for a court conference prior to the deadline for filing a response. Instead, counsel seemed only too eager to file a brief referring to the "half-truths" presented by opposing counsel. Under these circumstances, counsel is not entitled to fees in opposing the motion. Therefore, it is

ORDERED that plaintiff's Motion for an Order of Sanctions for Costs Incurred in Discovery (doc. # 22) and Respondents Ronald E. Heap and Tarmac International, Inc.'s Motion for Sanctions Against Plaintiff Remtech, Inc., and its Lead Attorney and Suggestions and Affidavits in Support (doc. # 28) are both denied.

                                            */s/ Sarah W. Hays*
                                              SARAH W. HAYS
                                  UNITED STATES MAGISTRATE JUDGE